JOHN CLENDENING v. ANNA E. WYATT et al.

1. EXPECTANCY IN ANCESTOR'S ESTATE — *Assignment by Heir — Enforcement.* The expectancy of an heir in an ancestor's estate may become the subject of contract, and may be assigned in equity. Courts of equity will uphold such an agreement of an heir apparent where it is fairly made, and for an adequate consideration. If no unjust advantage is taken of the necessities or indiscretion of the heir, and if the agreement is not unconscionable, and is not obtained by fraud or oppression, it may be enforced in equity after the death of the ancestor.

2. ———— *Valid Contract.* The contract made by the heir apparent in the present case examined, and *held* to be valid and effectual.

3. ———— *When Enforceable.* Such a contract is not enforceable until the death of the ancestor, and no cause of action accrues thereon until that time.

*Error from Bourbon District Court.*

ACTION by *Anna E. Wyatt* and *Augustus Wyatt* against *John Clendening,* and several other heirs of Joanna Clendening, deceased, to determine the interests of the several parties in a tract of land, and for a partition of the same. It was alleged that the elder John Clendening and Joanna, his wife, were in possession of a tract of Indian land, which is the land in question, and that he was also the owner of considerable personal property situate thereon; that he died in 1867, and left Joanna surviving him, who agreed with the

children of the deceased that the personal property was to be taken by the widow and sold, and the proceeds used in obtaining a title from the United States for the land in question, and that it should then belong to her, and at her death be a part of her estate. She continued to live upon the land until the time of her death, in 1887, but did not obtain a patent therefor until 1877. It is averred that on May 5, 1875, John Clendening, for a valuable consideration paid by Augustus Wyatt, sold his entire interest in his mother's estate to Augustus Wyatt, by a written contract of that date, in which his wife, Kate Clendening, joined. A copy of the alleged contract is as follows:

"Know all men by these presents, that John Clendening and Kate, his wife, of the county of Bourbon, state of Kansas, for and in consideration of the sum of $2,500, to them in hand paid by Augustus Wyatt, of the county and state aforesaid, do release, remise, and forever quitclaim, unto the said Augustus Wyatt, his heirs and assigns, all that parcel of land situate in the county of Bourbon and state of Kansas, and described as follows, to wit, the southwest quarter of section 35, of township 23, of range 25 east, containing 160 acres; also the said John Clendening and Kate his wife, do hereby (in consideration as above) release, remise and forever quitclaim to his undivided portion that he may be entitled to of his mother's estate, to the said Augustus Wyatt, his heirs and assigns. In witness whereof, the said John Clendening and Kate, his wife, have hereunto set their hands and seals, this 5th day of May, 1875. JOHN CLENDENING. [SEAL.] KATE CLENDENING. [SEAL.]"

Answers were filed by the several heirs, the answer of John Clendening being an admission of the execution of the contract, but alleging that it was inoperative as a conveyance of an after-acquired title, and further, that a right of action thereon was long since barred by the statute of limitations. Upon the trial, the court sustained the contract, and adjudged that Augustus Wyatt was entitled to the one-seventh undivided part of the real estate in question, and that John Clendening had no interest therein. Of this ruling John Clendening complains.

*John H. Crider*, for plaintiff in error.

*W. R. Biddle*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The questions in this case are, whether an expectancy of an heir to his ancestor's estate may be assigned, and, if so, whether the contract above set forth is effectual for that purpose. It is the general rule that an assignment at law will not be sustained unless the subject-matter has an actual or potential existence when the assignment is made, but it appears to be well settled that an expectancy of an heir in an ancestor's estate may become the subject of contract, and may be assigned in equity. Courts of equity will uphold such an agreement of an heir apparent where it is fairly made and for an adequate consideration. If no unjust advantage is taken of the indiscretion or necessities of the heir, and if the agreement is not unconscionable, and is not obtained by fraud or oppression, it may be enforced in equity after the death of the ancestor. (*Steele v. Frierson*, 85 Tenn. 430; Story, Eq. Jur., § 1040; Pom. Eq. Jur., §§ 1287, 1288; 1 Am. & Eng. Encyc. of Law, 830, and cases cited.) In the present case, it does not appear that there was any unfairness or fraud in the transaction. There is no suggestion that the consideration is inadequate, nor that any unjust advantage was taken of John Clendening. Indeed, it was not charged or shown that there was any misrepresentation, unfairness, oppression, nor insufficient consideration. John Clendening, who executed the writing, had evidently reached years of maturity, as he was a married man, whose wife joined him in the execution of the contract.

It is insisted that this contract is in form a quitclaim deed, under which only the present existing interest of John Clendening in his mother's estate would pass. It is true that, ordinarily, the grantee in a quitclaim deed gets nothing except what his grantor in fact owned at the time of the execution of the deed. (*Johnson v. Williams*, 37 Kas. 179.) And if the

contract in question was to be treated as a quitclaim deed, which did not purport to do more than to convey an existing interest, it could not be sustained. It is manifest, however, from the language used that Clendening was bargaining about a future interest which he did not possess at the time, and which he expected to acquire at the death of his mother. In the latter part of the contract it is recited, that "the said John Clendening and Kate, his wife, do hereby (in consideration as above), release, remise and forever quitclaim to his undivided portion that he may be entitled to of his mother's estate to the said Augustus Wyatt, his heirs and assigns." He had no interest in the land at the time the contract was made. His mother was then alive, and from the face of the contract it distinctly appears that he was contracting away the undivided and future interest which he expected to acquire from his mother's estate at the time of her death. There is a specific description of the land in controversy in the contract, showing that the property now sought to be recovered was within the contemplation of the parties when the contract was made. Such a contract, based upon ample consideration, honestly and fairly made, with one who is capable to contract, may be enforced in equity.

The contention that the action was barred cannot be sustained. Under the authorities, the contract was not enforceable until the death of the ancestor, and as Joanna Clendening died on November 5, 1887, the cause of action did not accrue until that time. This action was begun less than two years after the death of the ancestor, and, therefore, there is no ground upon which to claim that the action is barred. The judgment of the district court will be affirmed.

All the Justices concurring.