DE BOER v. HARMSEN.

1. ESTATES OF DECEDENTS—CONTRACTS AS TO EXPECTANCY—JURISDICTION.
   A contract between prospective heirs in relation to their expectancy is void at law, and can only be enforced, if at all, in a court of equity.

2. SAME—WILLS—AGREEMENT TO INDUCE ANCESTOR NOT TO CHANGE—VALIDITY—PUBLIC POLICY.
   A contract between prospective heirs, whereby one agrees to induce the ancestor not to change his will, is valid if the ancestor is fully informed of and assents to the agreement, but otherwise is void as against public policy.

3. SAME—SUFFICIENCY OF DECLARATION.
   The declaration in an action by a testator's daughter against

his son alleged that, after the making of the will, in which both plaintiff and defendant were beneficiaries, testator called his children together, including plaintiff, and requested that his will be brought to him, stating that he had decided to make a new will, in which he wished to leave plaintiff more money; that defendant then and there promised plaintiff that, if testator did not change his will, he (defendant) would pay plaintiff a certain sum instead of the sum given her by the will; and that plaintiff, relying on such promise, persuaded testator not to change the will. *Held:*

(1) Sufficiently to allege that the agreement between plaintiff and defendant was made in testator's presence, and that he assented to it.

(2) Not to set up a contract relating exclusively to an expectancy and a division of testator's property.

Error to Allegan; Padgham, J. Submitted April 22, 1902. (Docket No. 112.) Decided June 17, 1902.

*Assumpsit* by Dena De Boer against Evert Harmsen for services rendered. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

This suit is based upon the special count of the declaration, which reads as follows:

"And for that whereas, also, the father of the said plaintiff and said defendant, Jan Harmsen, in his lifetime, made a last will and testament, wherein it was provided that, among other things, that on his decease, after the payment of certain legacies, the balance and residue of his estate should go to the said Evert Harmsen, defendant herein; and that among said legacies one hundred and fifty dollars was given to the said Dena De Boer, complainant herein.

"And whereas, just before the decease of the said Jan Harmsen, and during his last illness, he called his children together, and among others the said plaintiff, Dena De Boer, was present; and that the said Jan Harmsen requested that his will be brought to him, and that he desired to make a new will; that he desired to leave more money to the said plaintiff, Dena De Boer, than one hundred fifty dollars; and the said defendant then and there

promised the said plaintiff that if the said will was not destroyed, and if the said Jan Harmsen did not make a new will, that he, the said defendant, would pay the said plaintiff five hundred dollars, instead of one hundred fifty dollars; and the said plaintiff, relying on the promise of the said defendant, and believing that he would keep his said promise, reconciled the said Jan Harmsen to the fact that the said defendant would do the right thing by her, the said plaintiff; and thereupon the said will was not changed, and no new will was made, and soon thereafter the said Jan Harmsen died, leaving the said last will and testament undisturbed; and that the same has been probated according to law; and that the said defendant has been requested by the said plaintiff to keep his promise, and to pay her the sum of five hundred dollars, as he promised her he would; but the said defendant has neglected (although often requested so to do) to pay the said plaintiff any sum whatever; and that all the said plaintiff has received out of her father's estate has been one hundred fifty dollars, which she has received from the administrator, and the said defendant has paid the said plaintiff no sum whatever; whereas in truth and in fact he is indebted to the said plaintiff in the sum of three hundred fifty dollars, the difference between the one hundred fifty dollars mentioned in said will and the five hundred dollars promised as aforesaid by the said defendant; and thereupon the said plaintiff has been damaged by the conduct of the said defendant in the sum of five hundred dollars, and thereupon she brings this suit."

The plea was the general issue. Upon the trial objection was made to the introduction of any testimony, for the reason that the declaration did not state a cause of action. The court sustained the objection, holding: (1) That no consideration for the promise was alleged, as it did not appear that defendant would receive anything from his father's estate; and (2) that plaintiff's remedy, if she has any, is in a court of equity.

*Smedley & Corwin,* for appellant.

*Diekema & Kollen,* for appellee.

GRANT, J. (*after stating the facts*). In the statement of the case the attorneys for both parties have trav-

eled outside the record, and made a statement of facts evidently as they expected to prove them. We have nothing to do with the facts except as they are set forth in the declaration. The sole question is, Does the declaration state a cause of action? Counsel for plaintiff assert that this was a contract made by the defendant to pay the plaintiff $500, including the legacy left her by the will, if she would induce her father not to change his will. Counsel for defendant contend that the alleged contract is one relating exclusively to an expectancy and a division of the property of the ancestor. If it is the former, an action at law would lie; if it is the latter, such a contract is void at law, and can only be enforced, under certain circumstances, in a court of equity, in which case it is essential to show that the ancestor was informed of and assented to the arrangement. *Needles* v. *Needles*, 7 Ohio St. 432 (70 Am. Dec. 85); *Clendening* v. *Wyatt*, 54 Kan. 523 (38 Pac. 792, 33 L. R. A. 278); *In re Kuhn's Estate*, 163 Pa. St. 438 (30 Atl. 215); *In re Lennig's Estate*, 182 Pa. St. 485 (38 Atl. 466, 38 L. R. A. 378, 61 Am. St. Rep. 725).

We think the court erred in sustaining the demurrer. While not expressly alleged, we think it a fair inference from the declaration that the arrangement was made in the presence of the testator, and that he assented to it. If this be so, and the proof sustains these allegations, the law interposes no objection to a recovery. If, however, it shall appear by the proof that the father was not fully informed of the agreement, and did not assent to it, the plaintiff will not be entitled to recover. A secret contract made by one heir with another to induce his ancestor to make a will, or to change or not to change a will already made, is against public policy, and void.

The judgment is reversed, and the case remanded for further proceedings.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.