J. GREGORY DRISCOLL AND MILDRED W. DRISCOLL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILDRED W. DRISCOLL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2242, 2243. Promulgated March 20, 1944.

*J. Gregory Driscoll* pro se.
*J. Marvin Kelly, Esq.*, for the respondent.

496

KERN, *Judge*: We conceive the problem presented here to be somewhat simpler than it seems to have appeared to the parties at the time of the hearing and briefing.

The respondent determined the petitioner to be taxable on certain payments made by the Phillips Petroleum Co. to the First National Bank in St. Louis in retirement of a $10,000 personal indebtedness incurred by an earlier owner of the one-sixteenth interest in an oil and gas lease now owned by petitioner. The indebtedness was evidenced by a promissory note, secured by a mortgage, executed by this former owner, on the one-sixteenth interest in the lease, and further secured by an assignment of the oil allocable to such one-sixteenth interest, the proceeds of which were to be applied to the payment of the indebtedness.

The one-sixteenth interest in the lease was thereafter sold by its owner, subject to the mortgage and assignment and the rights of the bank thereunder. The second owner of the interest sold it to a third, who, by the terms of his assignment, assumed and agreed to pay the indebtedness. He later sold the interest to this petitioner, who took it subject to the mortgage and the rights of the bank under the mortgage and assignment.

Throughout the period during which these transactions were taking place the payments for the oil being produced and allocable to this interest were being made monthly by the oil company to the bank, pursuant to the assignment, and applied by the bank to the reduction of the indebtedness. After the indebtedness was finally paid the payments were thereafter made to petitioner, who reported them and paid the tax due thereon. We are here concerned only with the payments made to the bank before the indebtedness incurred by Hayes was finally satisfied.

It is the petitioner's contention that, since she did not, according to the express terms of her assignment, assume or agree to pay the indebtedness, but took the property subject to the encumbrance of

the mortgage and the assignment of the oil, she is not taxable on the payments made on the indebtedness, which was at all times the legal obligation of some other person.

We think the petitioner's position is impregnable. In acquiring the interest in the lease, subject to the mortgage and the assignment, she acquired no interest whatever in the oil which produced the income here in dispute. That oil had been validly assigned before she acquired her interest in the lease. The oil to which she was entitled under her assignment was the oil to be produced after the obligation to the bank was fully satisfied. Until that time, she was not entitled to any oil produced from the premises in question, or to its proceeds. She never received the income, nor any benefit from it. It was not at her disposal or subject to her dominion or control. She could not successfully have demanded its payment to her. The indebtedness upon which it was applied was not incurred by her, nor was it ever assumed by her as a personal liability. See *P. T. Clary*, 42 B. T. A. 1142.

It is true, as respondent points out, that the money was paid in to the bank by the oil company, after it was notified of the transfer to petitioner, "for the account of Mildred W. Driscoll." But it is clearly shown that it was not actually placed to her credit in any account subject to her order, but was used, as was intended by all the parties to all the transactions referred to, to pay the indebtedness to the bank incurred by Hayes and later assumed by Gladney. The money had always theretofore been similarly paid to and applied by the bank, although we are not advised as to the nominal identification of the fund prior to the transfer to petitioner of the interest in the lease. It is undisputed here that petitioner did not actually receive the money, nor was it placed at her disposal in any sense whatever. The name by which the account was called is unimportant, in view of these facts.

Respondent also relies on the fact that petitioner's husband made up deficiencies in certain payments received by the bank from the oil company which did not equal the minimum payments provided for in the note and mortgage. The evidence shows that he did so, upon the request of the bank, when the amounts were inconsequential, but that he did not intend thereby to admit or accept legal responsibility on behalf of petitioner for such payments is indicated by his subsequent refusal to pay later deficits, similar in character, but larger in amount, for the expressed reason that the petitioner was not, under her assignment, legally liable for the indebtness. We conclude that petitioner is not the person who is taxable on the item of income here in question.

Reviewed by the Court.

*Decision will be entered under Rule 50.*