VICTOR RAKOWSKY AND ELLA J. RAKOWSKY, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29509. Promulgated November 28, 1951.

*Paul E. Bradley, Esq.*, for the petitioners.
*Frank M. Cavanaugh, Esq.*, for the respondent.

878

OPINION.

BLACK, *Judge:* The only issue in this proceeding is whether petitioner is taxable on net royalties of $6,212.32 which were paid to Cyanamid in the taxable year and applied by Cyanamid to the payment of indebtedness which petitioner owed Cyanamid, or whether such income is taxable to petitioner's daughter, Janis, to whom he had, on January 10, 1944, assigned his contract for royalties, subject to Cyanamid's prior right to them until petitioner's indebtedness to Cyanamid was fully paid.

We think the facts sustain the Commissioner's determination that the income in question is taxable to petitioner. There is really no dispute between the parties as to the facts. Their differences are as to the legal interpretation which is to be given to these facts.

Briefly stated these facts are: Petitioner by written contract dated October 15, 1941, purchased a one-third interest in a corporation, giving the seller in payment therefor his personal promissory note for $50,000 due 6 years from purchase date and bearing 4 per cent interest payable monthly. Subsequent thereto, on May 1, 1942, he pledged this income from patent royalties by written assignment to his creditor as security for payment of the balance of his debt. He therein by contract assigned certain royalties theretofore payable to him as a licensee of a basic patent and stipulated that the income so assigned or pledged would remain payable by the distributing agent direct to his creditor so long as any part of the $50,000 note obligation, plus interest, remained unpaid. Thereafter payments were again to be made direct to petitioner. The agreement of May 1, 1942, provided further that in so far as the creditor was concerned, the assignment of the royalties as security could in no sense be construed as payment of petitioner's debt "except to the extent that any sums may be paid to and received by Cyanamid hereunder." Payments were thereafter applied on petitioner's debt by the distributing agent and reported for tax purposes by petitioner until January 10, 1944, when a gift assignment to his daughter was made expressly *subject* to all prior arrangements and contracts. Petitioner thereafter failed to report this income for tax purposes but the amount of this income appears on the return of the daughter.

The essence of petitioner's contention is that under the terms of the assignment which petitioner made to his daughter, she agreed to assume and pay the debt which petitioner owed to Cyanamid and

thereafter she became the primary debtor to Cyanamid, and that petitioner was no longer the primary debtor. If that were so, there might be merit in petitioner's contention that the income in question was taxable to his daughter and not to him. However, we do not think it is so.

A reading of this assignment agreement makes it clear to us that Janis took the property *subject* to all the outstanding agreements which her father had made and agreed "to fulfill and comply with the terms and provisions of the aforementioned contracts and agreements." She, in no manner as we read the agreement, assumed and agreed to pay any part of the indebtedness which petitioner owed to Cyanamid and which was evidenced by petitioner's promissory note for $50,000 due on or before October 15, 1947. This note remained in the hands of Cyanamid until fully paid. There is nothing to show that Janis assumed and agreed to pay any part of this note.

Petitioner argues in his brief that the holder of the note against petitioner, American Cyanamid Company, could have recovered directly from Janis for the payment of the note if the use of the patents had failed to produce income. Petitioner says in his brief: "Assume for the moment that immediately after the transfer had been made by petitioner to his daughter that petitioner had become insolvent and that the use of the patents produced no income, then under the law * * * American Cyanamid Company could have proceeded directly against petitioners' transferee." If such circumstances had happened as those which petitioner assumes and Cyanamid had brought suit against Janis as the debtor, we think that such a suit would have completely failed because she was not the debtor and had never entered into any agreement, either express or implied, that she would assume and agree to pay petitioner's promissory note.

We think our decision in the instant case is controlled by our decision in *J. Gregory Driscoll*, 3 T. C. 494. In that case the shoe was on the other foot from what it is here. In that case the Commissioner was seeking to tax income to the assignor of property where the income had already been committed to the payment of another's debt and was so used in the taxable year and where the assignor had not assumed and agreed to pay such debt of another. In that case we held for the taxpayer, and in so doing, we said:

We think the petitioner's position is impregnable. In acquiring the interest in the lease, subject to the mortgage and the assignment, she acquired no interest whatever in the oil which produced the income here in dispute. That oil had been validly assigned before she acquired her interest in the lease. The oil to which she was entitled under her assignment was the oil to be produced after the obligation to the bank was fully satisfied. Until that time, she was not entitled to any oil produced from the premises in question, or to its proceeds. She never received the income, nor any benefit from it. It was not at her disposal or subject to her dominion or control. She could not successfully have

demanded its payment to her. The indebtedness upon which it was applied was not incurred by her, nor was it ever assumed by her as a personal liability. See *P. T. Clary*, 42 B. T. A. 1142.

About the same thing as we said above in the *Driscoll* case, *supra*, could be said in the instant case if Janis were the taxpayer, and not her father, Victor Rakowsky.

The facts clearly convince us that petitioner was the debtor to Cyanamid. The royalties in question were collected by Cyanamid and in accordance with the agreement executed in 1942 were applied to petitioner's debt to Cyanamid and thereupon such debt was canceled to the extent of such payment. Under the doctrine of the *Driscoll* case, *supra*, this income is taxable to petitioner and not to his daughter, Janis. We sustain respondent's determination.

Reviewed by the Court.

*Decision will be entered for the respondent.*

RAUM, *J.*, concurs in the result.