(988 P.2d 244)
No. 79,772

ADLEY E. JOHNSON and DON A. JOHNSON, Individually and as Trustees of the ELSIE G. JOHNSON TRUST NO. 2, *Appellants,* v. CYLUS JOHNSON and SHIRLEY JOHNSON, and the Heirs of Cylus and Shirley, *Appellees.*

Opinion filed July 30, 1999.

*Ronald D. Heck* and *Lisa E. Janati,* of Ronald D. Heck, P.A., of Topeka, for appellants.

*Michael A. Montoya,* of Michael A. Montoya, P.A., of Salina, and *Philip Shaffer,* of Salina, for appellees.

Before KNUDSON, P.J., LEWIS, J., and RICHARD M. SMITH, District Judge, assigned.

LEWIS, J.: This case represents another chapter in a bitter family feud. For a number of years, the late Elsie Johnson, her late husband, Albert, and her sons, Adley E. Johnson and Don A. Johnson, have been seeking a way to disinherit their son and brother, Cylus Johnson. Their efforts have been frustrated by the fact that in the early 1970's, they entered into a settlement agreement in which all

parties agreed that Cylus, Adley, and Don would all be treated equally in their parents' estate. The first effort to get around the settlement agreement ended up in this court, and we held that effort invalid. See *Johnson v. Johnson*, 7 Kan. App. 2d 538, 645 P.2d 911, *rev. denied* 231 Kan. 800 (1982) (*Johnson I*). However, the parties have made another effort, which the trial court held violated the settlement agreement. Adley and Don appeal the decision of the trial court.

This dispute goes back to the late 1960's and early 1970's. In 1969, Elsie and Albert Johnson executed identical trusts which divided their estates equally among their three sons, Adley, Don, and Cylus.

In 1970, Albert and Elsie filed a petition seeking to have Cylus declared mentally ill. An ex parte hearing was held, and Cylus was placed in custody. Cylus was in custody only a short time, and, ultimately, the trial court which heard the petition on its merits held that Cylus was not mentally ill and that he should be discharged.

The 1970 episode appears to be the genesis of the family division which shows no sign of abatement in bitterness to this day.

Prior to the discharge of Cylus from the petition to declare him mentally ill, Albert and Elsie changed their trust and left everything to Adley and Don. The trust's stated intent was that neither Cylus, his spouse, nor his issue were to have any portion of the trust assets.

Cylus then filed a lawsuit against Albert, Adley, and Don seeking a dissolution of the family business, a partnership, and for an accounting. A few months later, Cylus sued Albert and Elsie for false imprisonment and malicious prosecution for their role in initiating the mental illness proceeding against him.

Ultimately, the family decided to settle their various differences. They entered into a settlement agreement which, among other things, provided: "Cy and Shirley and Albert and Elsie desire to settle their differences in said cases, and in all other matters between the parties." The key provision in this agreement, which has spawned the litigation with which we are presently dealing, was paragraph 9, which provided as follows:

" '9. Albert and Elsie agree that Cy shall receive the same share of Albert and Elsie's property as Adley E. Johnson and Don A. Johnson shall receive, whether by gift, Will, trust agreement, intestate succession, or any other means; it being the intent herein that Albert and Elsie shall treat Cy equally with his brothers, Adley E. Johnson and Don A. Johnson.' " 7 Kan. App. 2d at 540.

In 1972, Albert and Elsie rewrote their trust. The trust agreement provided that Cylus, his former wife Shirley, and their heirs should receive nothing from the estate. It went on to provide the same as to Adley and Don, but it left the entire estate in two shares, one for the wife and children of Adley and one for the wife and children of Don. Cylus and Shirley attacked these provisions as violative of the settlement agreement. The trial court ruled in favor of the estate, but on appeal, we reversed and granted summary judgment in favor of Cylus and Shirley, saying:

"[T]he intent of the parties in [the settlement agreement] was that Cylus, Adley, and Don were to be treated *equally in that each would share, not that they would be treated equally in sharing nothing. Any benefit conferred on Adley and Don by reason of the distribution of Albert and Elsie's property would also be conferred proportionately on Cylus.*" (Emphasis added.) 7 Kan. App. 2d at 542.

We went on to say that "[t]he first supplement was made invalid by the settlement agreement" and that "[t]he second supplement [was] invalid because it was an improper attempt to avoid the settlement agreement." 7 Kan. App. 2d at 543.

In 1982, Elsie tried again. She executed the Elsie G. Johnson Trust No. 2, in which she gave $1,000 to Adley, Don, and Cylus. The trust provides that upon the death of Adley and Don, the remaining trust assets are to be divided into two equal shares for the benefit of Adley's and Don's families. The stated intent of Trust No. 2, which is before the court at this time, is that Cylus, his spouse, and his issue of any degree should not receive any trust income, property, or benefit therefrom.

Elsie died in 1995. After her death, Adley and Don filed this action, seeking a declaratory judgment that Elsie was not bound by paragraph 9 of the settlement agreement quoted above. According to the petition, Cylus had failed to keep his promise to settle family differences in "all other matters between the parties." The result, it is argued, was a failure of consideration, relieving

Elsie from the settlement agreement. In the alternative, Adley and Don seek a declaration that the 1982 trust does not violate the settlement agreement or the earlier decision of this court because it treats each son equally.

The trial court concluded that (1) the essence of *Johnson I* was that Cylus could not be disinherited to the benefit of Adley and Don; (2) the issues of consideration for the settlement agreement were not raised in the prior litigation; (3) under *Johnson I*, Trust No. 2 was an obvious breach of the settlement agreement; and (4) any issues regarding the interpretation and/or enforceability of the settlement agreement were foreclosed by res judicata and/or collateral estoppel due to prior litigation. It held Cylus and his heirs were entitled to equal treatment with Adley and Don and their heirs in the distribution of Elsie's estate under the terms of the original trust and the settlement agreement.

We agree in part with the trial court.

On appeal, Adley and Don first argue that the trial court failed to apply the correct standard in resolving a motion for judgment on the pleadings filed by Shirley. We disagree.

Although the motion, as originally filed, was for judgment on the pleadings, the trial court took into consideration matters outside the pleadings in deciding this action. Under these circumstances, a motion is to be treated as one for summary judgment. K.S.A. 60-212(c). The trial court correctly applied the legal standards in treating the matter as one for summary judgment and in ruling on it as a motion for summary judgment.

Under Supreme Court Rule 141 (1998 Kan. Ct. R. Annot. 176), if the party opposing a motion for summary judgment fails to controvert each of the movant's factual contentions, that party is deemed to have admitted the facts not controverted. Adley and Don failed to controvert the facts set out in Shirley's motion, and these facts are deemed admitted.

We have examined the record, and we hold that the trial court applied the correct standard in ruling on the motion in question. The issue is basically one of law, and that is whether Trust No. 2 violated the settlement agreement.

Adley and Don complain rather bitterly that the trial court appears to have ignored their contentions. We see no evidence of this fact and believe that the decision of the trial court was correct.

Appellants next argue that the trial court misapplied our earlier decision in *Johnson I* and, in the alternative, argue that the provisions made in Trust No. 2 do not violate the settlement agreement. We disagree.

In ruling in favor of Cylus and Shirley, the trial court concluded as follows:

"The attempted 'equal' treatment of the sons, with the disinheritance of the heirs of Cylus, is an obvious breach of the family settlement agreement approved by the Court of Appeals. The sons are *not* treated equally, where the families of two receive preferential treatment to the exclusion of the family of the third. The Trust No. 2 is therefore a clear breach of the family settlement agreement."

We agree with the trial court.

Our review of a question of law is unlimited. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

We conclude that our opinion in *Johnson I* dictates the result in this case. As we read *Johnson I*, it required that Cylus be treated equally with Adley and Don on the distribution of their parents' estate. It appears to us to be beyond debate that the provisions of this trust do not treat the three sons equally. It is true that each of the three sons are to receive $1,000 from the trust. However, the family of Cylus is excluded from sharing in the remainder of the estate, and that remainder is left exclusively and totally to the families of Adley and Don. The trust agreement states that the stated intent of the trust is to exclude Cylus and his family from participating in the trust estate. We conclude that this violates the settlement agreement of the parties.

In *Johnson I*, we said:

"We hold that the intent of the parties in this regard was that Cylus, Adley, and Don were to be treated equally in that each would share, not that they would be treated equally in sharing nothing. *Any benefit* conferred on Adley and Don by reason of the distribution of Albert and Elsie's property would also be conferred proportionately on Cylus." (Emphasis added.) 7 Kan. App. 2d at 542.

Adley and Don argue that they are receiving only what Cylus is to receive. They argue that the fact that their families are to receive

the entire estate to the exclusion of the family of Cylus does not violate the settlement agreement. We find this argument to be without merit.

We conclude that the efforts of the trust to vest the entire estate in the families of Adley and Don to the exclusion of Cylus was to confer upon Adley and Don a benefit not conferred on Cylus.

In *Johnson I*, we said:

"The second amendment to the trust was an attempt to again divide the remainder interest into two shares, labeled Adley's share and Don's share, to be administered and distributed for the use and benefit of the wives and children of Adley and Don, with express instructions that no distributions be made for the use or benefit of Cylus, Shirley, or their children. While the wording specified that no distribution was to be made for the *benefit* of Adley or Don, we can conceive of no circumstances where distributions *for the use or benefit of the wives and children of Adley and Don would not at least indirectly benefit them also.*

"It is apparent that the second trust amendment was an attempt by Albert to indirectly accomplish that which he had contracted not to accomplish directly. Generally speaking, that which may not legally be done directly may not be accomplished indirectly. *Koch v. Merchants Mutual Bonding Co.*, 211 Kan. 397, Syl. ¶ 6, 507 P.2d 189 (1973)." 7 Kan. App. 2d at 543.

There is no question that this trust agreement is another effort to exclude Cylus and his family from sharing in the estate of Albert and Elsie. It is another effort to accomplish something indirectly which cannot be accomplished directly.

The settlement agreement entered into between the parties required equal treatment of all three brothers. Adley, Don, Albert, and Elsie have, through the years, worked long and hard to find a way around that agreement.

We hold that the trust agreement in question is invalid by reason of the settlement agreement. The arguments of Adley and Don to the contrary are without merit.

Adley and Don seek to raise an issue in this action, which was filed in 1995, that apparently had not been raised before. They now argue that Cylus may not rely on the settlement agreement because of a failure of consideration. They point out that the agreement was intended to settle "all other matters between the parties." They argue, among other things, that Cylus failed to settle the

personal issues with his family, refused to become part of the family, and refused to treat his parents with respect. The result of this, they argue, is a failure of consideration by reason of Cylus' failure to perform that portion of the agreement.

The trial court concluded that "[t]he issues of failure of consideration for the settlement agreement, couched as 'family discord' or otherwise, were not raised or argued before the appellate court." The trial court also concluded that "[a]ny purported issues involving the interpretation and/or enforceability of the family settlement agreement of February 15, 1972, are foreclosed by res judicata and/or collateral estoppel by virtue of the prior litigation."

"The doctrine of res judicata has two aspects: claim preclusion and issue preclusion." *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690, 751 P.2d 122 (1988).

Issue preclusion, sometimes referred to as collateral estoppel, prevents relitigation, in a different claim, of issues conclusively determined in a prior action. In order for issue preclusion to be available, the following must be shown:

"(1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment." 242 Kan. at 690.

We conclude that Adley and Don are not barred by the doctrine of issue preclusion from raising the issue of failure of consideration. The fact is, this issue was not litigated and was not determined in the prior lawsuits between the parties. Since the argument was not litigated, issue preclusion cannot apply.

Claim preclusion, or, as it is commonly known, res judicata, prevents relitigation of a cause of action that was finally adjudicated. "An issue is res judicata when four conditions concur: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made." 242 Kan. at 690.

We have already established that the claim of failure of consideration was not litigated in the prior litigation. The question, then,

is whether the appellants had the opportunity to litigate this issue in the prior litigation between the parties.

Elsie did not raise lack of consideration by Cylus in her defense to Cylus and Shirley's lawsuit for Albert's breach of the settlement agreement. *Johnson I*, 7 Kan. App. 2d at 541. Lack of consideration in a contract is an affirmative defense which must be raised, or it is waived. K.S.A. 1998 Supp. 60-208(c). We conclude that Elsie's failure to raise this defense in the earlier action bars the defense of lack of consideration in this case.

In our opinion, the only issue left to be determined is whether Adley and Don are entitled to raise the issue of Cylus' failure to perform the consideration.

The record is insufficient to enable us to determine this issue. We do not have the dates upon which Cylus allegedly breached the settlement agreement or how those breaches took place. If the breaches occurred after Albert's death, then claim preclusion would not apply. If the breaches occurred prior to Albert's death, it may apply.

Accordingly, we remand this issue to the trial court and direct the court to determine: (1) the precise dates on which it is claimed that Cylus breached the settlement agreement, (2) the exact nature of those claimed breaches, (3) whether Albert and/or Elsie acquiesced in the claimed breaches by Cylus, (4) whether those breaches are sufficient to support a claim of failure for consideration, (5) whether the doctrine of res judicata applies when consideration is given to the dates on which the alleged breaches took place.

Finally, Cylus and Shirley seek an award of attorney fees. We are unable to accommodate them. The trial court's journal entry reserved the decision to determine attorney fees. The final order was not a part of the record on appeal. In addition, Cylus and Shirley do not cite in their facts any documentation for this issue, nor is the transcript of a hearing regarding attorney fees a part of the record. Assertions in an appellate brief are not sufficient to satisfy inadequacies in a record on appeal. *Smith v. Printup*, 254 Kan. 315, 353, 866 P.2d 985 (1993). We assume Cylus and Shirley have an adequate remedy with the trial court, as nothing in the record has indicated to us that the trial court determined the issue

which it reserved. Accordingly, we deny the request for attorney fees.

We affirm the decision of the trial court holding that the trust involved in this action violates the settlement agreement of the parties. We reverse and remand on the issue of claim preclusion and direct the trial court to determine those facts as set out earlier in this opinion.

Affirmed in part, reversed in part, and remanded.