NOT DESIGNATED FOR PUBLICATION

No. 128,994

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FREDRICK SHORT,
*Appellant*,

v.

COSTCO WHOLESALE CORPORATION,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Oral argument held on February 10, 2026. Opinion filed March 27, 2026. Reversed and remanded with directions.

*Andrew H. McCue*, of The Accurso Law Firm, of Kansas City, Missouri, for appellant.

*Justin C. Shock*, pro hac vice, of Baty Otto Scheer P.C., of Kansas City, Missouri, and *Lee Baty*, of the same firm, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Fredrick Short appeals the district court's grant of Costco Wholesale Corporation's (Costco) motion for judgment on the pleadings. In his amended petition, Short alleges that he was injured while he was shopping at Costco because of inadequately packaged frozen mini tacos that "suddenly and unexpectedly" broke open and splled on the floor. Short also alleges in the amended petition that he slipped on the frozen contents causing him to fall. As a result, Short claims that Costco breached its implied warranty of merchantability because the mini tacos were not adequately packaged. On appeal, we find the district court erred in granting Costco's motion for

1

judgment on the pleadings. Thus, we reverse and remand this matter to the district court for further proceedings.

FACTS

Because the sole issue before us is whether the district court erred in granting Costco judgment on the pleadings, we will confine our discussion of the facts solely to those alleged on the face of the pleadings. On April 6, 2022, Short was a customer at the Costco store in Lenexa. After picking up a box of frozen chicken mini tacos to purchase, the packaging failed and its contents fell onto the floor. When he pivoted, Short fell on the floor causing him to suffer injuries to his head and right knee.

Although Short originally filed a petition seeking to recover damages against Costco on October 10, 2022, the pleading that is material to the issue on appeal is his amended petition filed on January 2, 2025. In his amended petition, Short briefly set forth his version of the facts and alleged that Costco impliedly warranted that the mini tacos were adequately packaged. As a result, Short claimed that Costco "breached its implied warranties that the frozen goods were merchantable and fit for their intended purpose because they were not adequately contained and packaged in that the package . . . suddenly and unexpectedly . . . collapsed or otherwise failed." Furthermore, Short claimed that Costco's breach of these warranties caused him to suffer injuries and damages.

On January 3, 2025, Costco filed a motion for judgment on the pleadings and Short filed a written response. The district court also heard arguments on the motion and permitted the parties to file supplemental briefing. After considering the oral and written arguments made by the parties, the district court issued a memorandum decision granting the motion for judgment on the pleadings. In doing so, the district court not only looked to the face of the pleadings to determine whether Short had stated a cause of action but

2

also considered other facts that were not specifically alleged in the amended petition. Significantly, the district court determined that "the usual point of sale, where title to the goods transfers from Costco to its customers, is at the check-out stand where the customer makes payment to Costco for the goods he or she intends to purchase."

After discussing K.S.A. 84-2-314, the district court concluded:

"When there are no other specific terms of the contract providing otherwise, the point of sale, at the check-out stand, where title is transferred is the point where the contract for sale is formed and where the implied warranty of merchantability attaches and becomes actionable. Other activity within a self-service retail store, such as Costco in this case not itself serving food, is at best an invitation, offer, or expectation to contract without the implied warranty attaching by operation of law."

Thereafter, Short filed a timely notice of appeal.

### ANALYSIS

Although both parties have presented thought-provoking arguments regarding the interpretation of the Kansas version of the Uniform Commercial Code, the only issue before us on appeal is whether the district court erred in granting Costco's motion for judgment on the pleadings. When a defendant moves for judgment on the pleadings under K.S.A. 60-212(c), the district court must determine from the face of the petition—assuming all the allegations and reasonable inferences that may be drawn from those allegations to be true—whether the plaintiff has stated a legally cognizable claim. On appeal, our review of the issue of whether a district court properly granted a motion for judgment on the pleadings is unlimited. *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 638-39, 355 P.3d 667 (2015).

3

In evaluating whether the district court appropriately granted Costco's motion for judgment on the pleadings, we must view the facts alleged in the amended petition in the light most favorable to Short. *Nora H. Ringler Revocable Family Trust v. Meyer Land and Cattle Co.*, 25 Kan. App. 2d 122, 135, 958 P.2d 1162 (1998). This is because motions under K.S.A. 60-212(c) are similar to motions under K.S.A. 60-212(b)(6) in that both allow district courts to dispose of claims as a matter of law only when the petition fails to state a cause of action. See *Mashaney*, 302 Kan. at 638. If a district court desires to consider matters outside the pleadings, it must treat the motion as one for summary judgment under K.S.A. 60-256 and follow the appropriate procedure. See *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 4, 384 P.3d 1003 (2016). Regardless, pretrial dispositive motions should not be used as a vehicle for district courts to "sort out varied facts and their implications. . . ." *Golden v. Den-Mat Corp.*, 47 Kan. App. 2d 450, 465, 276 P.3d 773 (2012).

Under our notice pleading requirements, a petition is not intended to govern the entire course of the case. Rather, the ultimate decision as to the legal issues and theories on which the case will be decided should typically not be decided at the pleading stage of the case. *Halley v. Barnabe*, 271 Kan. 652, 656-57, 24 P.3d 140 (2001); see also *ARY Jewelers v. Krigel*, 277 Kan. 27, Syl. ¶ 4, 38, 82 P.3d 460 (2003) ("A court . . . must determine whether the pleaded facts and inferences state a claim, not only on the theory which may be espoused by plaintiffs, but on any possible theory the court can divine.")

In other words, it is not our role to determine who might ultimately prevail in this case nor is it even to determine whether the plaintiff's legal theory will survive summary judgment. Instead, we must answer the basic question of whether Short has stated a conceivable cause of action. To do so, we "must accept the facts alleged by the plaintiff as true, along with any inferences that can reasonably be drawn therefrom" and then address "whether those facts and inferences state a claim based on plaintiff's theory or

any other possible theory. If so, the dismissal by the district court must be reversed." *Rector v. Tatham*, 287 Kan. 230, Syl. ¶ 1, 196 P.3d 364 (2008).

Here, Short has attempted to state a claim against Costco based on a breach of the implied warranty of merchantability and breach of the implied warranty of fitness for the intended purpose. K.S.A. 84-2-314(1) provides "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." For goods to be merchantable, they must be "adequately contained, packaged, and labeled as the agreement may require." K.S.A. 84-2-314(2)(e). The implied warranty of merchantability applies both "to present sales" and "to contracts to sell" goods. K.S.A. 84-2-314, UCC Comment 1.

Similarly, the term "contract for sale" entails "both a present sale of goods and a contract to sell goods at a future time." K.S.A. 84-2-106(1). The Kansas Comment to K.S.A. 84-2-106(1) further explains that "contract for sale" is broad enough "to include both present sales of goods and contracts for the sale of goods in the future" and that "[a]lthough the definition of 'sale' is based on the passage of title from seller to buyer, the concept of title is largely unimportant in Article 2." Whether a binding contract has been formed—either for the present or future sale of goods—is a question of fact because it depends on the intention of the parties. *Reimer v. The Waldinger Corp.*, 265 Kan. 212, 214, 959 P.2d 914 (1998); see also *Augusta Bank & Trust v. Broomfield*, 231 Kan. 52, 60, 643 P.2d 100 (1982) ("The controlling question as to whether a binding contract was entered into depends on the intention of the parties and is a question of fact.").

In viewing the face of the amended petition in the light most favorable to Short, we find that he has alleged that Costco is the seller of goods of the kind that allegedly caused his injuries; that he intended to purchase the goods that he selected from the freezer; that the goods were inadequately packaged; that the inadequate packaging caused its contents to rupture; that the contents spilled onto the floor; and, that he slipped on the

5

spilled contents; that he fell to the floor; and that he suffered injuries. In addition, Short alleges that his injuries were caused by Costco's breach of its implied warranty of merchantability based on inadequate packaging. Finally, he seeks to recover damages from Costco based on its alleged breach of implied warranty of merchantability.

We conclude that these allegations are sufficient to withstand a motion for judgment on the pleadings. Consistent with notice pleading, we find that Short's amended petition was sufficient to assert a conceivable claim that Costco breached its implied warranty of merchantability by allegedly selling a defectively packaged good that caused him to suffer personal injuries. In particular, he has sufficiently presented a fact question regarding whether the parties entered into a contract for the sale of the goods. As discussed above, a "contract for sale" of goods not only includes "a present sale of goods" but also "a contract to sell goods at a future time." K.S.A. 84-2-106(1).

CONCLUSION

Although we take no position regarding the merits of the claims or defenses asserted by the parties, we conclude that the granting of judgment on the pleadings is not appropriate. In fact, based on a review of the briefs and the oral arguments presented by counsel, it appears that there may be several factual questions and legal issues that must be resolved in this case. But at this stage of the proceedings, we conclude that Short has adequately stated a claim against Costco upon which relief could potentially be granted. We, therefore, reverse the judgment on the pleadings and remand this case to the district court for further proceedings.

Reversed and remanded with directions.

6